UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY,
   *and*

ERICA GREEN

                     Plaintiffs,

                  -v-

UNITED STATES DEPARTMENT OF EDUCATION

                     Defendant.

19 Civ. 00693 (LTS) (JLC)

**ANSWER**

       Defendant the United States Department of Education ("Defendant"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint under the Freedom of Information Act ("FOIA") of Plaintiffs The New York Times Company and Erica Green ("Plaintiffs") upon information and belief as follows:

       1.      Paragraph 1 of the complaint consists of Plaintiffs' characterization of this action and conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1, except admits that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the complaint.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the complaint.

4. Defendant admits Paragraph 4 of the complaint to the extent it characterizes Defendant as an agency of the federal government, but denies that Defendant has possession, custody, and control of the records Plaintiffs seek.

5. Paragraph 5 of the complaint consists of legal conclusions regarding jurisdiction, to which no response is required.

6. Paragraph 6 of the complaint consists of legal conclusions regarding venue, to which no response is required.

7. Paragraph 7 of the complaint consists of legal conclusions regarding exhaustion, to which no response is required.

8. Admits.

9. Admits.

10. Admits.

11. Defendant admits that it received correspondence from Plaintiff Green on June 12, 2018 regarding the scope of the FOIA request, but denies that the request sought emails from Ebony Lee or contained the search terms "school safety" or "guns."  Defendant respectfully refers the Court to the referenced correspondence for a true and accurate statement of its contents.

12. Admits.

13. Admits.

14. Defendant repeats and realleges the responses in paragraphs 1 through 13 as fully set forth herein.

15. Paragraph 15 of the complaint consists of legal conclusions, to which no response is required.

16. Paragraph 16 of the complaint consists of legal conclusions, to which no response is required.

17. Paragraph 17 of the complaint consists of legal conclusions, to which no response is required.

18. Paragraph 18 of the complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief they seek or to any relief.

19. Paragraph 19 of the complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief they seek or to any relief.

20. Paragraph 20 of the complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief they seek or to any relief.

21. Paragraph 21 of the complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief they seek or to any relief.

## DEFENSES

For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiffs' complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

## SECOND DEFENSE

Some or all of the requested documents are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiffs are not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## FIFTH DEFENSE

Plaintiffs are not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

## SIXTH DEFENSE

To the extent that Defendant has exercised due diligence in processing Plaintiffs' FOIA request and exceptional circumstances exist, Defendant should be allowed additional time to process the request.  5 U.S.C. § 552(a)(6)(C).

Defendant may have additional defenses which are not known at this time but which may become known through further proceedings.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: March 21, 2019
New York, New York

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney for the
                        Southern District of New York

By:   */s/ Alexander J. Hogan*
                        ALEXANDER J. HOGAN
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Tel.: (212) 637-2799
                        Facsimile: (212) 637-2686
                        E-mail: alexander.hogan@usdoj.gov